UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE:                )
                      )        No. 4:06MC595 CEJ
GEORGE POOLE          )

## ORDER

This matter is before the Court on plaintiff's motion for leave to file a civil action. Plaintiff is subject to an en banc order of this Court for abusing the judicial process by filing frivolous and malicious litigation. The en banc order, entered on November 1, 2006, enjoins plaintiff from filing any pro se action, whether accompanied by the requisite filing fee or in forma pauperis, without first receiving leave of court to do so.

Plaintiff has submitted an affidavit and a proposed complaint in which he asserts a claim of deliberate indifference to plaintiff's serious medical needs. Plaintiff states that he has a history of chest wall pain, i.e., pain caused by "inflammation of the cartilage joining the ribs to the breast bone [which] is not caused by heart or lung problems." According to the complaint, on June 22, 2007, plaintiff was detained by four unknown Beverly Hills police officers after a traffic stop. Plaintiff alleges that he told the officers he was in pain and asked them to call 911. Plaintiff states that they refused. Plaintiff says that he then called 911 on his own and that he was subsequently

seen by medical staff who performed an EKG test on plaintiff. Plaintiff claims that the medical staff left immediately after conducting the EKG test. Plaintiff seeks monetary damages and an order directing defendants "to ask inmate's [sic] if they have any medical problems and if they are on medications. Stop asking for bond money."

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Vaughn v. Greene County, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment claims made by] pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); c.f. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (Eighth Amendment); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995) (same). In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Vaughn, 438 F.3d at 850.

The allegations in the proposed complaint fail to state a constitutional claim for medical mistreatment because his allegations regarding his chest wall pain are not objectively serious enough to implicate the Eighth Amendment. Additionally, plaintiff has not alleged that the defendants were aware of an objectively serious medical need

and that the deliberately disregarded it.  As a result, the complaint fails to state a claim upon which relief can be granted.

Because the complaint fails to state a claim upon which relief can be granted, plaintiff's motion for leave to file a new civil action will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a civil action [#2] is **denied**.

Dated this 27th day of November, 2007.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE